UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JAMES MARTINEZ,

    Plaintiff,

v.

DEFENDANT "1" a/k/a "Tim", DEFENDANT "2" a/k/a "Janie Quintero", DEFENDANT "3" a/k/a "Martin", DEFENDANT "4" a/k/a "Christian", and JOHN DOES 1-20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associates,

    Defendants.

Case No.

**COMPLAINT FOR
CONVERSION OF STOLEN CRYPTOCURRENCIES**

Plaintiff, JAMES MARTINEZ, by and through undersigned counsel, sues DEFENDANT "1" a/k/a "Tim", DEFENDANT "2" a/k/a "Janie Quintero", DEFENDANT "3" a/k/a "Martin", DEFENDANT "4" a/k/a "Christian", and JOHN DOES 1-20, as follows:

**PRELIMINARY STATEMENT**

1. Defendants stole 168,271.54654 Tether (USDT) from Plaintiff pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme, the

1

current market value of which is one hundred sixty-eight thousand two hundred seventy-one dollars and fifty-five cents ($168,271.55)[1].

2. Defendant "1" played a material role in the theft of Plaintiff's assets, and upon information and belief, he and his cohorts currently possess all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages related to the theft of Plaintiff's cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

6. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least a fraudulent website (www.fishkoin.net) which can be accessed on the internet and on smartphones and are accessible from Florida.

---

[1] Current market value calculated on March 27, 2024.

## THE PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, JAMES MARTINEZ, an individual, is *sui juris*, and is a resident and citizen of Texas.

8. Defendant "1" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff JAMES MARTINEZ that his name was "Tim." Defendant represented to Plaintiff that he was American, and the parties' communications consistently demonstrated Defendant "1" was of American descent who claimed that he was in United States.

9. Defendant "2" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "2" represented to Plaintiff JAMES MARTINEZ that her name was "Janie Quintero." Defendant represented to Plaintiff that she was American, and the parties' communications consistently demonstrated Defendant "2" was of American descent who claimed that she was in United States.

10. Defendant "3" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "3" represented to Plaintiff JAMES MARTINEZ that his name was "Martin." Defendant represented to Plaintiff that he was American, and the parties' communications consistently demonstrated Defendant "3" was of American descent who claimed that he was in United States.

11. Defendant "4" is an individual, is sui juris, and is subject to the personal

jurisdiction of this Court. Defendant "4" represented to Plaintiff JAMES MARTINEZ that his name was "Christian." Defendant represented to Plaintiff that he was American, and the parties' communications consistently demonstrated Defendant "4" was of American descent who claimed that he was in United States.

12. Defendants JOHN DOES 1-20 are as of yet unidentified Individuals, Business Entities, And/or Unincorporated Associations, cohorts of Defendant "1," are *sui juris*, and are subject to the personal jurisdiction of this Court.

13. At all times material hereto, Defendants have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits.

## ALLEGATIONS COMMON TO ALL COUNTS

**A. Defendants Execute an International Cryptocurrency Theft Scheme**

14. Plaintiff desired to invest money in cryptocurrency.

15. Plaintiff began searching online and on social media to learn how he could invest in cryptocurrency.

16. After Plaintiff's previous unsuccessful attempt at cryptocurrency investment, Defendant "2" a/k/a "Janie Quintero" approached Plaintiff around November 2022 and communicated with Plaintiff via Viber, with a Viber phone number of 475-268-6034 (VOIP), and later through Telegram. Defendant "2" a/k/a

4

"Janie Quintero" referred Plaintiff to DEFENDANT "1" a/k/a "Tim" who communicated with Plaintiff via Viber, with a Viber phone number of 760-590-9176 (VOIP), with a Viber phone number of 213-242-9704 (VOIP), and with a Viber phone number of 213-755-1504 (VOIP).

17. Defendant "2" lured Plaintiff by showing him examples over Viber of how she was successfully earning high returns on her cryptocurrency trading methods and urged Plaintiff to seek guidance from DEFENDANT "1" so that Plaintiff could also successfully earn high returns on his cryptocurrency investments.

18. Defendant "1" misrepresented that he would teach Plaintiff how to become a successful cryptocurrency trader and even promised that Plaintiff could get a return of ten times the amount he invested.

19. Defendant "1" represented to Plaintiff that he was using a trusted website called www.fishkoin.net.

20. The website www.fishkoin.net currently is not accessible.

21. Defendant "1" assisted Plaintiff in registering an account with www.fishkoin.net and stated that www.fishkoin.net would be used as a trading platform with the purpose of making transactions; and when done, the assets would be transferred to Crypto.com for withdrawal.

22. However, the website Defendant "1" provided to Plaintiff was not a legitimate exchange platform owned and operated by any exchange but was instead a

5

fraudulent copycat website created to deceive individuals, including Plaintiff, into believing they were investing on a legitimate cryptocurrency exchange.

23. To further entice Plaintiff into believing he was a legitimate investor who only wanted to assist Plaintiff in becoming a successful cryptocurrency trader like himself, around November 2022, Defendant "1" had Plaintiff run a test where he transferred approximately one thousand five hundred dollars worth of cryptocurrency from his Coinbase account into the fraudulent exchange platform. When Plaintiff was able to transfer this amount back to his digital wallet, he believed that Defendant "1" was a legitimate investor who wanted to help him learn how to invest cryptocurrency and, further, that the fraudulent website he had utilized was also legitimate.

24. After familiarizing himself with the process of trading on the fraudulent platform recommended by Defendant "1," and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from his Crypto.com account, a legitimate third-party online platform for buying, selling, transferring, and storing cryptocurrency, to the fraudulent platform (www.fishkoin.net).

25. Defendants posted fraudulent returns on their fake website which made it appear that Plaintiff was making money on his trades.

26. As a result, he continued to transfer cryptocurrency from his Crypto.com

account to the fraudulent exchange. Because of the fraudulent representations contained on the fake www.fishkoin.net account, and misrepresentations made by Defendant "1", Plaintiff believed that he had made significant money from the investment.

27. Plaintiff was told by Defendant "1" that the value of his cryptocurrency had grown from approximately one hundred sixty-eight thousand six hundred seventy dollars ($168,670.00) to approximately twelve million dollars ($12,000,000.00), which was also reflected on the fraudulent www.fishkoin.net statements.

28. About November 2023, Plaintiff attempted to withdraw his account balance from www.fishkoin.net to his crypto.com account. When Plaintiff attempted to withdraw his cryptocurrency from the fraudulent exchange, Plaintiff experienced issues and was unable to make transfers.

29. However, Defendant "1" told Plaintiff that before he could withdraw his cryptocurrency, he was required to transfer additional cryptocurrency of around two hundred forty thousand dollars ($240,000.00) to the fraudulent www.fishkoin.net exchange as a fee.

30. When Plaintiff questioned Defendant "1" about the transfer issues he was experiencing, Defendant "1" provided excuses and made additional false representations.

31. Plaintiff requested that Defendant "1" deduct the two hundred forty thousand dollars ($240,000.00) from his www.fishkoin.net account, but Defendant "1" refused and claimed that Plaintiff must pay it out of pocket. This is when Plaintiff realized he had been scammed. Plaintiff made numerous unsuccessful attempts to transfer the cryptocurrency from the fake copycat exchange back to Crypto.com wallet.

**B. Plaintiff's Forensic Tracing of Their Stolen Cryptocurrency**

32. When a transaction is made on the blockchain it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

33. Within the time frame of November 6th 2022, and January 3rd 2023, Plaintiff JAMES MARTINEZ made 9 transactions from his Crypto.com account to the fraudulent exchange. In total, Plaintiff transferred approximately 168,271.54654 Tether (USDT) to the fraudulent exchange, which had a market value at the time of approximately $168,670.00 (USD).

34. Plaintiff has retained forensic cryptocurrency tracing experts who have

traced Plaintiffs stolen assets on the blockchain. Attached hereto as Exhibit A is the tracing report completed by experts at CNC Intelligence Inc. Plaintiff incorporates Exhibit A into his verified complaint.

### COUNT I
### CONVERSION

35. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above, as if fully and expressly set forth herein, and further alleges as follows.

36. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

37. Defendants have converted Plaintiff's funds to their own use or to the use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

38. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

**WHEREFORE**, Plaintiff JAMES MARTINEZ demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

39. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 39 above, as if fully and expressly set forth herein, and further alleges as follows.

40. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

41. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

42. The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit render Defendants' retention of the benefits inequitable.

43. Equity required that Defendants return to Plaintiff the benefits conferred upon Defendants.

**WHEREFORE**, Plaintiff JAMES MARTINEZ demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other further relief as this Court deems just and proper.

## COUNT III
## IMPOSITION OF CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

44. Plaintiff adopts and realleges the allegations set forth in paragraphs 1

through 44 above, as if fully and expressly set forth herein, and further alleges as follows.

45. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendants.

46. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

47. As set forth above, Defendants – through actual fraud, misappropriation, conversion, theft, or other questionable means – obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

48. The cryptocurrency assets at issue are specific identifiable property and have been traced to OKX, MEXC Global, HTX, Binance, and Gate.io.

49. Any and all assets being held by Defendants at OKX, MEXC Global, HTX, Binance, and Gate.io must be held in trust for Plaintiff's benefit, and Defendants are not entitled to the benefit of wrongfully misappropriated, converted and stolen cryptocurrency assets that were taken from Plaintiff.

50. The digital assets identified herein which are being held by Defendants at OKX, MEXC Global, HTX, Binance, and Gate.io must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated,

converted, and stolen cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE**, Plaintiff JAMES MARTINEZ demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1", Defendant "2", Defendant "3", Defendant "4", and JOHN DOES 1-20, in the identified cryptocurrency wallet addresses held at OKX, MEXC Global, HTX, Binance, and Gate.io and further demands that the wrongfully obtained property be returned to Plaintiff.

## COUNT IV
## CONSPIRACY

51. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 51 above as if fully and expressly set forth herein and further alleges as follows.

52. The Defendants conspired and confederated with each other to commit, and committed, Conversion (Count I); and Unjust Enrichment (Count II).

53. Plaintiff has suffered damages as a direct and proximate result of Defendants' conspiracy.

**WHEREFORE**, Plaintiff JAMES MARTINEZ demands that judgment be entered against Defendant "1", Defendant "2", Defendant "3", Defendant "4", and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

## **VERIFICATION**

I, JAMES MARTINEZ, hereby declare under penalty of perjury that I have read the foregoing COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCY and verify that all statements herein are true and correct to the best of my knowledge, understanding, and belief.

Dated: April __7__, 2024        _____*James Martinez*_____
                                JAMES MARTINEZ, Plaintiff

Dated: April __7__, 2024        Respectfully Submitted,

                                */s/ Daniel J. Thornburgh*
                                Daniel J. Thornburgh, Esq.
                                Fla. Bar No. 0042661
                                AYLSTOCK, WITKIN,
                                KREIS & OVERHOLTZ, PLLC
                                17 East Main Street, Suite 200
                                Pensacola, FL 32502
                                Telephone: 850-202-1010
                                Fax: 850-916-7449
                                dthornburgh@awkolaw.com

                                *Attorney for Plaintiff*